United States District Court
Southern District of Texas
**ENTERED**
June 16, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTOS AJPACAJA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-402 |
| | § | |
| WAL-MART STORES TEXAS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Santos Ajpacaja alleges that he was sitting in his car in a Wal-Mart parking lot waiting for his wife to load groceries in the trunk when their daughter alerted him that his wife had been ambushed by several men who were trying to steal her purse. Ajpacaja alleges that he rushed out of the car to help, his wife broke free from the thieves, and his wife and daughter ran to find the onsite security guards. The security guards worked for Brosnan Risk Consultants, Ltd., and were under contract with Wal-Mart to provide onsite security. Ajpacaja alleges that the security guards did nothing, and that the would-be thieves shot him in the arm and got away. (Docket Entry No. 1-2 at ¶¶ 4.1–4.5).

Ajpacaja sued Wal-Mart, Inc., Wal-Mart Stores Texas, LLC, and Brosnan Risk Consultants, Ltd. in state court in January 2022 for negligence, gross negligence, and *respondeat superior*. (*Id.* at 4–7). Wal-Mart, with Brosnan's consent, removed this action in February 2022 on the basis of diversity jurisdiction. (Docket Entry No. 1). The court entered a scheduling and docket control order that set the deadline for amending pleadings as April 29, 2022. (Docket Entry No. 16). The court did not set a deadline for adding new parties.

Ajpacaja moved before the April 29, 2022, deadline for leave to file a first amended complaint to add two new parties as defendants. The new parties are Amara Freeman Karimu and Jacob Odunuga, the security guards on duty when Ajpacaja was shot. Ajpacaja asserted that their identities were previously unknown to him when he filed suit. (Docket Entry No. 19). The court granted the motion to amend the complaint. (Docket Entry No. 20).

Wal-Mart and Brosnan ask the court to reconsider its grant of Ajpacaja's motion for leave to file an amended pleading because it was before Wal-Mart's and Brosnan's response deadline and because adding the nondiverse in-state parties would destroy federal subject-matter jurisdiction. (Docket Entry No. 26). The effect of destroying diversity if the motion to amend was granted made the motion subject to a higher standard than that applied to pleading amendments that do not impact jurisdiction. Ajpacaja has not responded to the motion for reconsideration. Instead, he has moved to remand based on the now-filed first amended complaint, (Docket Entry No. 21), which includes the added nondiverse parties. Wal-Mart and Brosnan have responded. (Docket Entry No. 32).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). "A motion asking the court to reconsider a prior ruling is evaluated" as a motion to alter or amend a judgment under Rule 59 if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). If the motion is filed after that time, it is analyzed as a motion for relief from a final judgment or order under Rule 60. *Id.* Wal-Mart and Brosnan filed their motion within the 28-day window, so it is considered a Rule 59(e) motion.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citation omitted). "The Rule 59(e) standard favors the denial of motions to alter or amend a judgment." *Willbern v. Bayview Loan Servicing, LLC*, No. 20-20129, 2021 WL 126419, at *3 (5th Cir. Jan. 13, 2021) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). A party seeking reconsideration must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717–18 (E.D. La. 2018) (citations omitted).

Wal-Mart and Brosnan correctly argue that it was an error to grant Ajpacaja's motion adding parties whose presence destroyed diversity jurisdiction without the defendants' arguments and without considering the relevant factors. Ajpacaja does not address Wal-Mart's and Brosnan's arguments. The court does so in reconsidering its ruling.

Although leave to amend pleadings is freely given when justice requires, leave to amend "is not automatic." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

3

matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When a party seeks to add a nondiverse party, the court should scrutinize the amendment "more closely than an ordinary amendment." *Moore*, 732 F.3d at 456 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

To determine whether to permit a nondiverse party's joinder after removal, the court must balance the equities using four factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) other equitable factors. *Hensgens*, 833 F.2d at 1182.

Courts analyzing the first *Hensgens* factor consider whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state-court complaint was filed. *Berry v. Wal-Mart Stores Texas, LLC*, No. CV H-18-4619, 2019 WL 1407212, at *2 (S.D. Tex. Mar. 28, 2019). Ajpacaja provides no explanation as to why he did not or could not discover the identity of the two security guards before he filed his petition in state court in January 2022, or at least by February 2022, when Wal-Mart and Brosnan removed to federal court. The first factor counsels against amendment.

"Although courts generally find that a plaintiff 'is not dilatory in seeking to amend a complaint when no trial or pretrial dates were scheduled and no significant activity beyond the pleading stage has occurred,' the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction." *Multi-Shot, LLC v. B&T Rentals, Inc.*, H-09-3283, 2010 WL 376373, at * 9 (S.D. Tex. Jan. 26, 2010) (quoting *Smith v. Robin Am., Inc.*, No. 08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009)). "In such a circumstance, '[a] delay of two months after the filing of the original complaint or almost

thirty days after the notice of removal has been found dilatory.'" *Id.* (quoting *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)). Ajpacaja waited over 45 days after removal and over 45 days after receiving original answers from the defendants in state court to move to leave to add nondiverse parties. The second factor counsels against amendment.

Courts analyzing the third *Hensgens* factor look to whether (i) the already named diverse defendant would be unable to satisfy a future judgment, and (ii) the possibility of a separate state court proceeding weighs against denying the proposed amendment. *Agyei v. Endurance Power Prods.*, 198 F. Supp. 3d 764, 777 (S.D. Tex. 2016). There is no reason to think that the currently named defendants could not satisfy a judgment. This factor weighs against granting leave to amend.

The fourth factor involves a consideration of other equitable factors, including whether granting leave to amend would deprive a defendant of a properly invoked federal forum and whether denying leave to amend would result in parallel state-court proceedings. *Berry*, 2019 WL 1407212, at *4. Although some inefficiencies would result if Ajpacaja also had to file suit in state court against the nondiverse defendants, allowing him to add the parties would deprive the defendants of a federal forum. The fourth factor is neutral.

In sum, the facts lean against granting leave to amend. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 769 (5th Cir. 2016) (affirming the district court's denial of a plaintiff's request to add a nondiverse party because the plaintiff attempted to join the nondiverse party two months after the filing of her original complaint; she knew of the claims against this party; and she could file her claim against the party in state court, avoiding any significant injury); *Moore*, 732 F.3d at 457 (affirming the district court's decision to deny amendment to allow joinder of nondiverse

parties because nothing in the parties' briefing suggested that the plaintiff would be significantly injured, or that timing or other equitable considerations tipped in his favor).

The court grants Wal-Mart's and Brosnan's motion to reconsider, (Docket Entry No. 26). The court's order, (Docket Entry No. 20), granting Ajpacaja's motion for leave to amend, is vacated, and Ajpacaja's amended complaint, (Docket Entry No. 21), is stricken. Ajpacaja's motion to remand, (Docket Entry No. 28), is denied because the nondiverse parties are not joined, and the court maintains subject-matter diversity jurisdiction.

Brosnan has also moved for leave to file an amended answer within the deadline to amend pleadings. (Docket Entry No. 33). Brosnan does not seek to add new parties but instead to "add the following: (1) criminal acts of third parties; (2) contributory negligence; (3) proportionate responsibility; (4) exemplary damages; (5) paid and incurred; and (6) limitations on pre and post-judgment interest," all of which is similar to information already contained in Wal-Mart's original answer. The motion is filed as opposed, but Ajpacaja never responded. The court grants Brosnan's motion, (Docket Entry No. 33), to file an amended answer.

SIGNED on June 16, 2022, at Houston, Texas.

                                                Lee H. Rosenthal
                                      Chief United States District Judge